# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CORTEZ BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV527 DDN |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition will be summarily dismissed.

## Background

Petitioner is a pretrial detainee at the St. Louis City Justice Center awaiting trial for forcible rape. Petitioner claims that he previously demanded that the Court set the case for trial within 180 days pursuant to the Uniform Mandatory Disposition of Detainers Law, Mo. Rev. Stat. § 217.460 (the "UMDDL"). Petitioner says that the state has failed to try his case within the time mandated by the UMDDL, and he requests that this Court order that the State dismiss the charges against him.

Petitioner also states that he was taken to trial in September 2008 and that the trial ended in a mistrial. Petitioner says that the State plans to take him to trial again in July 2009. Petitioner argues that this constitutes double jeopardy.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing § 2254 Cases.

"The question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984). As a result, petitioner is not entitled to relief on the ground that the State failed to comply with the UMDDL.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck

v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Blanck, 48 F. Supp. 2d at 860 (double jeopardy).

Precisely what the exhaustion doctrine requires in pretrial habeas proceedings is not entirely clear, but other cases involving double jeopardy claims raised in pretrial habeas petitions suggest that petitioner has not exhausted his remedies. See, e.g., Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-03 (1984) (exhaustion found where Massachusetts' highest court rejected petitioner's precise claim); Harpster v. Ohio, 128 F.3d 322, 325 (6th Cir. 1977) (requirement met where petitioner raised the claim in trial court and there is no right to interlocutory review); Benson v. Superior Court Dep't. of the Trial Court of Massachusetts, 663 F.2d 355, 359 (1st Cir.1981) (requirement not met where precise claim was not presented in the petitioner's state application for interlocutory review); Blanck, 48 F. Supp. 2d at 861 (requirement not met where petitioner failed to file interlocutory appeal, although petitioner had not absolute right to an interlocutory appeal). In this action, petitioner has not alleged that he has filed a pretrial motion to dismiss based on double jeopardy, nor has petitioner alleged that he has attempted to bring this claim to the Missouri Court of Appeals. As a result, the Court finds that the exhaustion

requirement is not met in this case, and petitioner's petition for writ of habeas corpus will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of April, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE